FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

07 SEP -5 PM 2: 40

OFFICE OF THE CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV252 |
| | ) | |
| v. | ) | |
| | ) | REPORT OF PARTIES' |
| $5,000.00 IN UNITED STATES | ) | PLANNING CONFERENCE |
| CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

Counsel for the parties met on July $\underline{31}$, 2007, by telephone. Representing the

Plaintiff was Nancy A. Svoboda; representing the Defendant and the Claimant was Glenn

A. Shapiro. The parties discussed the case and jointly (except as noted below) make the

following report:

1.    The elements of the Plaintiff's claims and the elements disputed by the Defendant
       and the Claimant are as follows:

       a.    Jurisdiction:    No challenge by the parties.

       b.    Venue:    No challenge by the parties.

       NOTE: If either jurisdiction or venue is being challenged, state whether counsel
       wish to delay proceeding with the initial phases of discovery until those issues
       have been decided, and if so, (i) how soon a motion to dismiss or transfer will be
       filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary
       to resolve the motion.

c.   CLAIM I:   The Defendant property was used to facilitate the Claimant's transportation, sale, receipt, possession and distribution of a controlled substance.

Elements of Claim I:

The United States bear the initial burden of connecting the property to drug trafficking. Establishing a connection to general criminality is not enough. The United States must present evidence which creates more than a mere suspicion but less than prima facie proof that the seized property is related to drug trafficking.

The Claimant disputes the following elements:

Any and all elements alleging that the Defendant property was acquired or possessed with intent to violate any law specifically the Controlled Substance Act.

d.   CLAIM II:   The Defendant property is proceeds traceable to the Claimant's exchange of a controlled substance.

Elements of Claim II: The United States bears the initial burden of connecting the property to drug trafficking. Establishing a connection to criminality is not enough. The United States must present evidence which creates more than a mere suspicion but less than prima facie proof that the seized property is related to drug trafficking.

The Claimant disputes the following elements:

The Defendant property was possessed lawfully by the Claimant and no exchange of any controlled substance can be substantiated. Defendant property possessed by Claimant is the result of legitimate proceeds.

2.   The elements of the defense raised by the pleadings are the following:

a.   FIRST DEFENSE:   The Claimant is an innocent owner of the Defendant property.

Elements of First Defense: The Claimant must prove, by a preponderance of the evidence, he did not know of the conduct giving rise to the forfeiture or, upon learning the conduct giving rise to the forfeiture, he did all that reasonably could be expected under the circumstances to terminate such use of the property.

The Plaintiff disputes the following: knowledge and reasonable, expected acts.

3.    Of the *disputed* elements identified above by all parties, discovery will be
      necessary to resolve the following element(s): Innocent owner, proceeds,
      facilitating property.

4.    The Plaintiff does not anticipate need to amend pleadings or add parties.

5.    The Claimant does not anticipate need to amend pleadings or add parties.

6.    The parties submit that the following elements of the pending claims or defenses
      may be appropriate for disposition by summary judgment or partial summary
      judgment: none.

7.    The parties submit the following plan for their completion of discovery:

      a.    Disclosures required by Rule 26(a)(1), including a statement of how each
            matter disclosed relates to the elements of the *disclosing party's* claims or
            defenses, will be completed by _____.

      b.    Thirty is the maximum number of interrogatories, including subparts, that
            may be served by any party on any other party.

      c.    Five is the maximum number of depositions that may be taken by the
            Plaintiff as a group and the Claimant as a group.

      d.    Depositions shall be limited by Rule 30(d)(2).

      e.    All parties will *identify* experts (i.e., *without* the full reports required by
            Rule 26(a)(2), by _____.

8.    NO    a.    The parties request this case be referred immediately for mediation
                  in accordance with the court's Mediation Plan as amended October
                  1, 2000, to the following mediator from the Court's list of approved
                  mediators.

      NO    b.    The parties state they intend to hire their own mediator or neutral
                  person for mediation or negotiation, and request the Court stay
                  further progression of this case for _____ days to accommodate their
                  efforts to settle now.

     c.     The parties state this case will not be settled, and the Court should not plan or schedule settlement conferences, mediation or other alternative dispute resolution techniques.

     d.     The parties submit the minimum discovery necessary for counsel to negotiate toward settlement is the following: request for admissions, interrogatories and depositions, and state it will be completed by ____ _____. The parties anticipate the Court will contact them at that time to further explore settlement.

9.     The parties consent to trial by a Magistrate Judge.

10.     The parties now anticipate the case can be ready for trial in ____ months.

11.     It now appears to counsel the trial of this case, if necessary, will require ___ day(s).

12.     Other matters to which the parties stipulate and/or which the Court should know/consider: None

 

$5,000.00 IN UNITED STATES
CURRENCY,
Defendant, and PHILIP SIMBORG,
Claimant

UNITED STATES OF AMERICA,
Plaintiff,

JOE W. STECHER
United States Attorney

By: _____
GLENN A. SHAPIRO (#19126)
Attorney at Law
1001 Farnam St., 3rd Flr.
Omaha, NE 68102
(402) 341-0700

By: _____
NANCY A. SVOBODA ( #17429)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, NE 68102-1506
(402) 661-3700